IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRA DON PARTHEMORE,

      Plaintiff,                    No. CIV S-11-1829 EFB P

    vs.

WILLIAM KNIPP, et al.,

      Defendants.        ORDER

_____/

     Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.[1] He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2.

**I.    Request to Proceed In Forma Pauperis**

     Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

## II. Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

1  The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it fails to
2  state a cognizable claim for relief. Thus, to proceed plaintiff must file an amended complaint.

3  Plaintiff names Warden Martel, Warden Knipp and Matthew Cate as defendants. He
4  alleges Martel instituted a practice at Mule Creek State Prison of using "Martin restraints"
5  during medical transports, and that Knipp has continued with that practice. Plaintiff describes
6  the restraints as "instruments of torture" that have caused him to suffer unnecessary pain and
7  injuries on multiple occasions, and alleges that use of the restraints violates his right under the
8  Eighth Amendment to be free from cruel and unusual punishment. Plaintiff also alleges that
9  unnamed individuals acted with deliberate indifference when they ignored his complaints of
10 discomfort and pain caused by the restraints, and when they also ignored his requests for medical
11 attention for injuries caused by the restraints. The complaint does not include any allegations
12 against defendant Cate. Plaintiff seeks damages and a permanent statewide injunction
13 prohibiting the use of Martin restraints unless an inmate's behavior dictates their use.

14 To state a claim for relief under § 1983, a plaintiff must allege: (1) the violation of a
15 federal constitutional or statutory right; and (2) that the violation was committed by a person
16 acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v.*
17 *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

18 An individual defendant is not liable on a civil rights claim unless the facts establish the
19 defendant's personal involvement in the alleged rights deprivation, as there is no respondeat
20 superior liability under section 1983. *Jones*, 297 F.3d at 934. "A person 'subjects' another to
21 the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative
22 act, participates in another's affirmative acts or omits to perform an act which he is legally
23 required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588
24 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for
25 the actions of their employees under a theory of respondeat superior; the causal link between a
26 supervisor and the claimed constitutional violation must be specifically alleged. *See Fayle v.*

3

*Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).  Here, plaintiff does not allege how any of the named defendants were personally involved in violating his rights.  The complaint does not link any named defendant to any affirmative act resulting in a constitutional deprivation suffered by plaintiff.  Moreover, the complaint includes no allegations against defendant Cate, and does not name as a defendant any of the prison officials who allegedly ignored plaintiff's complaints regarding use of the Martin restraints.

For official capacity suits seeking injunctive relief based on an unconstitutional state practice, policy, or procedure, it is not necessary to allege the personal involvement of a state official if the practice, policy, or procedure relates in some way to the job duties of the named defendant.  *Ryles v. Felker*, 2008 WL 1901231, at *3 (E.D. Cal. Apr. 28, 2008).  "All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued."  *Id.*  Here, plaintiff has alleged that defendants Martel and Knipp instituted an unconstitutional practice of using the Martin restraints.  However, plaintiff improperly seeks injunctive relief on behalf of all California inmates.  Plaintiff cannot represent others and may only seek relief only on his own behalf.

Finally, claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are persons under § 1983).  Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit.  *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979).  Thus, any claim for damages against defendants in their official capacities must also fail.

Plaintiff is hereby informed that the Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized

measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

////

1    3. The complaint is dismissed with leave to amend within 30 days. The amended
2 complaint must bear the docket number assigned to this case and be titled "First Amended
3 Complaint." Failure to comply with this order will result in a this action being dismissed for
4 failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the
5 court will proceed with service of process by the United States Marshal.
6 Dated: January 26, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE