IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRA DON PARTHEMORE,

    Plaintiff,                     No. 2:11-cv-1829-MCE-EFB P

vs.

WILLIAM KNIPP, et al.,

    Defendants.            FINDINGS AND RECOMMENDATIONS

                         /

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. He proceeds on his March 27, 2012 amended complaint against defendants Conlon, Cross, Knipp, Martel, and Rogers ("defendants"). ECF Nos. 10, 11. Defendants move to dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b) and 12(b)(6), for failure to exhaust administrative remedies and for failure to state a claim, respectively. ECF No. 18. Plaintiff seeks leave to file a supplemental complaint, and also seeks an injunction to prevent his transfer from Mule Creek State Prison. For the reasons stated below, the court finds that this action must be dismissed because the claims against Knipp and Martel are moot, and the claims against Conlon, Cross, and Rogers are unexhausted. In addition, plaintiff's motion to file a supplemental complaint must be denied as futile, and his request for injunctive relief must also be denied as moot.

1

**I.      The Complaint**

Plaintiff's amended and verified complaint, filed on March 27, 2012, concerns the alleged practice at Mule Creek State Prison of using "Martin" restraints on inmates when they travel off of prison grounds. ECF No. 10, ¶ 1. Martin restraints apparently consist of a "steal, hinged box" that goes over the chain of a set of handcuffs, between the hands. *Id.* ¶ 2. A chain connected to the box is apparently wrapped around the inmate's waist and padlocked. *Id.* According to plaintiff, the device "prevents any movement of the hands whatsoever and causes the steel handcuffs to cut into the wrists." *Id.*

In the complaint, plaintiff describes various instances in which he was harmed by use of the Martin restraints. For example, he claims that on December 8, 2010, during a transport to Mark Twain Hospital, the Martin restraints cut deeply into his wrists, causing him extreme pain. *Id.* ¶ 7.

Plaintiff also alleges that defendants Conlon, Cross, and Rogers caused him harm while transporting plaintiff in Martin restraints. Specifically, plaintiff claims that on March 25, 2011, during a transport to San Joaquin General Hospital, Conlon ignored plaintiff's complaints regarding the restraints, causing excruciating pain, deep cuts on his wrists, and a total loss of feeling in his hands. *Id.* ¶ 11. Further, on March 12, 2012, defendant Rogers allegedly placed the restraints on plaintiff so tightly that plaintiff could not move his hands, and lost feeling in them. *Id.* ¶ 13. Despite plaintiff's requests to defendants Rogers and Cross, the restraints were apparently not loosened for over five hours, causing plaintiff to experience severe pain, and hindering his ability to participate in the eye exam for which he was transported. *Id.*

Plaintiff seeks damages against defendants Conlon, Cross, and Rogers for their allegedly unconstitutional use of force through the Martin restraints. *Id.* § V. Plaintiff also seeks injunctive relief against defendant Wardens Martel and Knipp based upon their alleged implementation and enforcement of the prison's Martin restraints policy. *Id.*

/////

## II. Claims Against Martel and Knipp Are Moot

Any complaint filed by a person proceeding in forma pauperis is subject to *sua sponte* dismissal by the court to the extent it contains claims that are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A federal action should "be dismissed as moot when, by virtue of an intervening event," a federal court cannot grant "any effectual relief whatever" in favor of the party seeking relief. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (internal quotation omitted). Here, the docket reflects that on or around May 1, 2013, plaintiff was transferred from Mule Creek State Prison to Valley State Prison. ECF No. 32. Because plaintiff is no longer housed at Mule Creek, plaintiff is no longer subject to Mule Creek's Martin restraints policy, and defendants Martel and Knipp are no longer able to provide plaintiff with the relief he requests. Therefore, plaintiff's claim for injunctive relief against these defendants is moot.[1] *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("It is true that when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility.")

Plaintiff's claims do not fall under the "capable of repetition, yet evading review" exception to the mootness doctrine because there is no indication that plaintiff is reasonably likely to be transferred back to Mule Creek, or that, if he were transferred back to Mule Creek and the alleged civil rights violations were to resume, they would be too short in duration to be fully litigated before cessation. *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, . . . where the following two

---

[1] Likewise, when an inmate seeks injunctive relief against a prison official who is no longer employed at the institution at which is he is incarcerated, his claims for such relief become moot. *See Alvarado v. Herndon*, No. EDCV 10-760-CJC, 2012 U.S. Dist. LEXIS 80856, at *21-24 (C.D. Cal. 2012). Plaintiff's claim for injunctive relief against Martel was previously rendered moot when Martel left his position as the warden at Mule Creek. *See* ECF No. 11 ¶ 3 (alleging that in March 2011, Martel was transferred to San Quentin State Prison and that Knipp took over as warden).

circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.") (internal quotation marks omitted).

For these reasons, the court finds that plaintiff's claims against defendant Knipp and Martel must be dismissed as moot.

### III.  Motion to Dismiss

Defendants Conlon, Cross, and Rogers move to dismiss plaintiff's claims as unexhausted and as barred by qualified immunity.[2]  In resolving defendants' motion to dismiss, the court considers the exhaustion issue first, as exhaustion is a prerequisite to filing suit.  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."); *see also McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring dismissal where prisoner fails to exhaust administrative remedies before filing suit and tries to do so while case is pending).  Because the court recommends dismissal of the claims against Conlon, Cross, and Rogers as unexhausted, it need not address defendants' alternative argument that the claims are barred by qualified immunity.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d

---

[2] Defendants' motion included a notice to plaintiff informing him of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies.  *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir. Sept. 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

4

Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are normally brought under Rule 12(b) of the Federal Rules of Civil Procedure. *See Albino v. Baca*, 697 F.3d. 1023, 1029 (9th Cir. 2012). Nonetheless, it remains well established that credibility of witnesses over material factual disputes cannot be resolved on paper. Thus, when ruling on an exhaustion motion requires the court to look beyond the pleadings in the context of disputed

issues of fact, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Doing so ensures that a process is followed to test whether disputes over facts pertaining to whether plaintiff actually exhausted available remedies are truly genuine and material and therefore warrant live testimony, or whether the dispute(s) may be disposed of by unrefuted declarations and exhibits. Therefore, following the suggestion in *Wyatt*, and because care must be taken not to resolve credibility on paper if it pertains to disputed issues of fact that are material to the outcome, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint.[3] *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Failure to exhaust is an affirmative defense in the sense that defendants bear the burden of proving plaintiff did not exhaust available remedies. *Wyatt*, 315 F.3d at 1119. To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

Defendants argue that plaintiff has not properly exhausted an inmate appeal complaining about the incidents giving rise to his claims against defendants Conlon, Cross, or Rogers. Defendants' evidence shows that between January 2008 and July 2012, plaintiff only filed one inmate appeal regarding the use of restraints during transportation. *See* ECF No. 18-1 ¶¶ 7-9,

---

[3] Here, defendants rely on testimonial evidence in the form of declarations from prison officials and a documentary record to establish the facts in support of their contention that plaintiff failed to exhaust.

18-2 ¶¶ 3-5. That appeal was denied at the Director's level of review prior to plaintiff's commencement of this suit. *See* ECF No. 18-1, Ex. B. However, this appeal did not concern the events giving rise to plaintiff's claims against defendants Conlon, Cross, or Rogers. *See* ECF No. 18-2, Ex. B. Instead, this appeal involved the alleged use of Martin restraints during the December 8, 2010 transport to Mark Twain Hospital. *Id.*

In opposing defendants' motion, plaintiff argues that because his appeal alleged the unnecessary use of Martin restraints, and because defendants Martel and Knipp responded to the appeal at the second level of review, it should serve to exhaust his claims. ECF No. 25 at 2. In addition, plaintiff argues that even though the appeal did not specifically name defendants Conlon, Cross, or Rogers, it should still serve to exhaust administrative remedies for his claims against them. *Id.* at 2-3.

In their reply, defendants concede that the appeal exhausted plaintiff's claims against Martel and Knipp, because it concerned the Mule Creek State Prison restraint policy for which Martel and Knipp were allegedly responsible. ECF No. 29 at 2. They maintain, however, that the appeal did not exhaust claims against Conlon, Cross, or Rogers, because the claims against these defendants are not based on the December 2010 transport. *Id.*

Here, plaintiff's appeal, dated December 11, 2010, could not have put prison officials on notice of his claims against Conlon, Cross, or Rogers, as the events giving rise to those claims had not yet taken place. *See* ECF No. 10 ¶ 11 (charging Conlon with excessive use of force during March 25, 2011 transport); ¶ 13 (charging Rogers and Cross with excessive use of force during March 12, 2012 transport); *see also Jones*, 549 U.S. at 204 (explaining that the PLRA's exhaustion requirement is intended to give "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."). Because plaintiff did not use the administrative grievance process for the claims alleged against defendants Conlon, Rogers, and Cross, they must be dismissed for plaintiff's failure to exhaust administrative remedies.

**IV.     Plaintiff's Motion to File A Supplemental Complaint**

Under Federal Rule of Civil Procedure Rule 15(d), the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  When determining whether to grant leave to supplement a complaint, a court should consider whether allowing supplementation would serve the interests of judicial economy, whether there is evidence of undue delay or bad faith, whether the supplementation would prejudice the opposing party, and whether the supplementation would be futile.  *See San Luis & Delta-Mendota Water Auth. v. United States Dep't of Interior*, 236 F.R.D. 491, 497 (E.D. Cal. 2006).

Plaintiff wishes to supplement his complaint with allegations that on numerous occasions since the filing of his amended complaint on March 27, 2012, he experienced pain as a result of being transported in Martin restraints.  *See* ECF No. 21.  He also wishes to add allegations that he "has been harassed by correctional officers for the filing of this . . . action," and that he was injured in a traffic accident and subsequently denied medical care.  *Id.*

However, in listing the numerous occasions on which he was transported in Martin restraints, plaintiff fails to state a claim for relief.  While he includes the names of approximately 33 correctional officers who allegedly transported plaintiff, he does not identify any of them as defendants.  Thus, it is not clear whether plaintiff wishes to pursue claims against these officers, or whether he merely wishes to support his (now moot) request for injunctive relief through examples of being subjected to Mule Creek's Martin restraints policy.  Even if he had identified the correctional officers as defendants, the allegations against them are not adequate to state a claim for relief.  Indeed, plaintiff was previously cautioned that his allegations must articulate facts that establish a violation of his rights such that if proven, they would entitle him to relief.  Plaintiff was informed that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

8

and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). While malicious and sadistic uses of force always violate contemporary standards of decency, not every "malevolent touch" by a prison guard is actionable as an Eighth Amendment violation. *Id.* at 9. The court informed plaintiff that by merely alleging that officers had kept him in Martin restraints, he had not shown that the officers acted "maliciously and sadistically to cause harm," or that they were otherwise ware of the pain allegedly caused to plaintiff by the Martin restraints. *See* ECF No. 11 at 3-4. The proposed supplemental pleading does not include allegations that the officers named were aware of plaintiff's discomfort during the additional instances of Martin restraint use during transportation, and that they responded to plaintiff's discomfort in a malicious or sadistic manner.

In addition, plaintiff's additional allegations about being harassed for filing this action, and for being injured in a traffic accident, do not involve defendants Conlon, Cross, Knipp, Martel, or Rogers, and do not relate to the claims alleged in the amended complaint regarding Mule Creek's Martin restraints policy. The court previously informed plaintiff that he may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. ECF No. 11 at 4 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees– for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George*, 507 F.3d at 607.

Because the allegations regarding use of the Martin restraints fail to state a claim for relief, allowing plaintiff to proceed on the supplemental complaint would be futile. In addition, allowing plaintiff to proceed on new and unrelated claims about alleged harassment and a traffic accident would prejudice defendants and would not serve the interests of judicial economy. As discussed above, the court finds that the claims against defendants Conlon, Cross, Knipp, Martel, or Rogers must be dismissed. If plaintiff is allowed to add the new and unrelated claims, the five

9

defendants who are entitled to judgment now on the current claims would have to await judgment and potentially remain parties to this action while plaintiff initiates service of process and pursues new claims against new defendants.  Not only would that be prejudicial and confusing, it would undermine the rule announced in *George*.  Plaintiff ought to pursue any new claims in a separate lawsuit.

For these reasons, it would be futile, prejudicial, and against the interests of judicial economy to allow plaintiff to supplement the complaint in this action as requested.  Plaintiff's request to file a supplemental complaint should therefore be denied.

## V.     Plaintiff's Request for a Preliminary Injunction

On March 19, 2013, plaintiff requested a preliminary injunction to prevent nonparty Garcia from transferring plaintiff out of Mule Creek in retaliation for filing this lawsuit.  ECF No. 30.  To be entitled to injunctive relief, the plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  As discussed above, plaintiff has already been transferred to a new prison.  Plaintiff's transfer renders his request for injunctive relief moot.  Moreover, plaintiff's request does not relate to the merits of the claims alleged in the amended complaint.  Furthermore, the claims asserted in the complaint currently before the court must be dismissed.  Therefore, plaintiff has not shown a likelihood of success on the merits.

Because the instant request is unrelated to the merits of this action, and because defendants are entitled to dismissal, plaintiff cannot show probable success on the merits. Further, because plaintiff is no longer subject to the policy on which his claim of irreparable harm is predicated, he also fails to satisfy that prong of the preliminary injunction standard. Therefore, plaintiff's request for injunctive relief must therefore be denied.

/////

## VI. Recommendation

Accordingly, it is HEREBY RECOMMENDED that:

1. Claims against defendants Martel and Knipp be dismissed as moot;

2. Defendants' motion to dismiss (ECF No. 18) be granted in that claims against defendants Conlon, Cross, and Rogers be dismissed as unexhausted;

3. Plaintiff's motions to supplement his complaint and for an injunction (ECF Nos. 21, 30) be denied; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE